UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
WIELMER OSWALD SIERRA,

                                Plaintiff,        **OPINION & ORDER**

  - against -                                           No. 21-CV-7930 (CS)

JOHN J. LAGUMINA and THE LAGUMINA
LAW FIRM PLLC,

                              Defendants.
-------------------------------------------------------------x

Appearances:

Sharon A. Reich
The LaGumina Law Firm, PLLC
Purchase, New York
*Counsel for Defendants*

Seibel, J.

      Before the Court is Defendants' motion to dismiss the Complaint. (ECF No. 14.) For the following reasons, Defendants' motion to dismiss is GRANTED.

      "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

      Generally, a plaintiff's failure to oppose a motion to dismiss "does not, without more, justify dismissal," *James v. John Jay Coll. of Criminal Justice*, 776 F. App'x 723, 724 (2d Cir. 2019) (summary order), especially where the plaintiff is *pro se*, *see Kucharczyk v. Westchester County*, 95 F. Supp. 3d 529, 536 (S.D.N.Y. 2015). But here, none of Plaintiff's claims come

close to meeting the requisite level of plausibility sufficient to survive a motion to dismiss for the reasons previously set forth by the Court at the pre-motion conference on February 28, 2022, and by Defendants in their memorandum of law in support of their motion to dismiss. (ECF No. 17.)[1]  Additionally, at the pre-motion conference, the Court provided Plaintiff an opportunity to cure the deficiencies in the Complaint by amendment, which he has not done.  Nor is there any indication that Plaintiff could cure those deficiencies if given another opportunity.  *See TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (plaintiff need not be given leave to amend if plaintiff fails to specify how amendment would cure pleading deficiencies in complaint).

Accordingly, Defendants' motion to dismiss is GRANTED.  The Clerk of the Court is respectfully directed to terminate the pending motion, (ECF No. 14), and close the case.

**SO ORDERED.**

Dated: December 9, 2022
White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.

---

[1] In reaching this conclusion, I have considered only the Complaint, and the attachments thereto, and have taken as true the factual allegations in the Complaint.  I have not considered the affirmation or declaration submitted by Defendants.